**In the Interest of R.W.**

**Commonwealth of Pennsylvania, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 2004.
Filed July 21, 2004.

Michael Erlich, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Karl Morgan, Philadelphia, for appellee.

BEFORE: TODD, PANELLA, and JOHNSON, JJ.

OPINION BY TODD, J.:

¶ 1 The Commonwealth of Pennsylvania appeals the January 9, 2003 order of the Philadelphia Court of Common Pleas dismissing the charge of possession of a controlled substance filed against R.W. For the reasons set forth below, we vacate the order and remand the case to the trial court.

¶ 2 On September 29, 2002, R.W., who was 16 years old at the time, was arrested and charged with possession of a controlled substance, namely, marijuana, under 35 P.S. § 780–113(a)(16) and (31). At an adjudicatory hearing on January 9, 2003, prior to the Commonwealth's presentation of evidence, the Honorable Robert J. Rebstock dismissed *sua sponte* the charges against R.W. on the grounds that R.W.'s conduct was *de minimus* under 18

Pa.C.S.A. § 312(a). The Commonwealth indicated to the trial court that although the original complaint against R.W. alleged only that R.W. possessed marijuana, a subsequent laboratory analysis revealed that he had also possessed cocaine. Nevertheless, Judge Rebstock stated:

And as usual I repeat this over and over again. It's going to be the same thing. Little bags of marijuana I'm not trying those cases. And I understand, I know where you're coming from, but I'm not trying a quart of beer. I read the complaint, the only allegation is that he's in possession of a nickel bag of marijuana. He's not involved in anything else.

(N.T. Hearing, 1/9/03, at 2–3.)

¶ 3 Subsequently, the Commonwealth filed a motion for reconsideration of the trial court's discharge order, wherein it alleged that there was substantial doubt as to whether Judge Rebstock could preside impartially in the case and similar cases in light of the judge's oft-stated policy of refusing to try cases involving possession of small amounts of marijuana by a juvenile. The Commonwealth thus requested that Judge Rebstock recuse from the case, and other similar cases. The trial court refused the Commonwealth's request, and in the instant appeal the Commonwealth raises the following issues:

I. Did the lower court err by automatically dismissing charges against [R.W.] based on an indiscriminate personal policy that possessing a small quantity of marijuana in violation of the Drug Act is supposedly a trivial matter?

II. Can the lower court's ruling be justified on the alternative ground that the defense purportedly had no discovery, where the defense admitted it received discovery and where, in any event, dismissing the case as a discovery sanction would have been a manifest abuse of discretion?

III. Did the lower court's course of conduct give rise to an appearance of impropriety, given its prejudgment of cases involving small quantities of marijuana and its threat to retaliate against the Commonwealth?

(Commonwealth's Brief at 4.)

¶ 4 We note that the proper standard of review for evaluating a trial court's rejection of a defendant's plea and the dismissal of the charges as *de minimus* infractions is whether the court abused its discretion. *Commonwealth v. Przybyla*, 722 A.2d 183, 184 (Pa.Super.1998). Section 312(a) provides:

(a) General rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a). The purpose of Section 312 is "to remove petty infractions from the reach of the criminal law." *Com-*

*monwealth v. Moll,* 375 Pa.Super. 147, 156, 543 A.2d 1221, 1226 (1988).

¶ 5 As noted above, at the hearing at which he dismissed the charges against R.W., Judge Rebstock indicated that he was not going to try cases involving juveniles accused of possessing small amounts of marijuana.[1] This Court previously has condemned the adoption of a blanket policy by the trial court with respect to sentencing matters. In *Commonwealth v. Mola,* 838 A.2d 791 (Pa.Super.2003), this Court held that a colorable claim of a blanket sentencing policy raised a substantial question as to whether the sentence violates the Sentencing Code, which requires sentences tailored to each case. *Id.* at 792. In *Mola,* the appellant pled guilty to two counts of delivering a controlled substance, and the trial judge sentenced him to concurrent terms of 2 to 15 years. The statutory maximum sentence for the offense is 15 years. In sentencing Mola, the trial judge announced a blanket policy that " 'there must be some changes in the city of Reading and this court believes that the imposition of the lawful maximum sentences on drug delivery cases will help to

serve as a deterrent to those who would consider dealing drugs in Reading and Berks County.'" *Id.* at 794 (quoting trial court's opinion). The trial judge further indicated that "in appropriate cases this court intends to impose the maximum sentence from now on." *Id.*

¶ 6 In holding that the trial court abused its discretion, this Court explained:

Imposing a standardized sentence on all drug offenders is a manifest abuse of discretion. Pennsylvania has long endorsed a policy of indeterminate, individualized sentencing. That policy is incompatible with a one-size-fits-all sentence. In effect, the trial court chose the maximum sentence based on seriousness of the crime alone, which is impermissible. The trial court must consider each crime and each defendant in light of the total circumstances and fashion an appropriate sentence.

*Id.* (citations omitted).

¶ 7 As noted above, Judge Rebstock repeatedly indicated that he did not and would not try cases wherein the defendant is charged only with possession of a small

---

1. We note that in his opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Judge Rebstock explained that he dismissed the charges against R.W. on the grounds that, under Section 312(a)(2), R.W.'s conduct was "too insignificant to warrant a conviction." (Trial Court Opinion, 5/29/03, at 5.) Initially, we note that as this is a juvenile case, R.W. was subject to an adjudication of delinquency and not a criminal conviction. Furthermore, while we express no opinion whether the amount of marijuana possessed by R.W. can be considered *de minimus* in certain circumstances, it is apparent based on our review of the record that Judge Rebstock dismissed the charges against R.W. based on his blanket policy regarding such cases, rather than on the individual circumstances of R.W.'s case. To the extent Judge Rebstock also asserts in his 1925(a) opinion that his dismissal of the charges against R.W. was warranted under

Rule 573(e) of the Pennsylvania Rules of Criminal Procedure based on the Commonwealth's alleged failure to provide R.W. with unspecified discovery materials, we first note that the rules of criminal procedure do not apply to juvenile cases. *See* Pa.R.Crim.P. 100(A); *In Interest of B.P.Y.,* 712 A.2d 769 (Pa.Super.1998). We further note that our review of the transcript of the hearing at which Judge Rebstock dismissed the case against R.W. does not suggest that Judge Rebstock's dismissal was based, in whole or in part, on the Commonwealth's alleged discovery violations. Moreover, as the Commonwealth points out, counsel for R.W. acknowledged on the record that he had received the requested discovery. Thus, we conclude that the trial court's dismissal of the charges against R.W. cannot be justified by the trial court's alternate characterization of the dismissal as a discovery sanction.

amount of marijuana, and that it was his practice to discharge such cases. Thus, it is clear that Judge Rebstock has adopted a blanket policy as to these types of cases. We recognize that the instant case does not involve an alleged violation of the Sentencing Code, as did *Mola*. However, our concerns regarding a trial court's blanket sentencing policy for the perpetrators of a specific crime and its failure to consider the individual circumstances of a defendant are equally applicable to the case *sub judice*.

¶ 8 Moreover, the trial court's actions frustrate the purposes of the Juvenile Act. Section 6301 of the Juvenile Act delineates the following among the purposes of the Act:

> Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). Under Section 6352 of the Juvenile Act, upon a finding that a child is delinquent, the trial court has a number of possible orders of disposition with the proviso that the disposition is

> consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable

the child to become a responsible and productive member of the community. 42 Pa.C.S.A. § 6352(a).

¶ 9 By routinely refusing to accept guilty pleas from and discharging defendants charged with possession of a small amount of marijuana, such as R.W., Judge Rebstock is frustrating the very purpose of the Juvenile Act. The Juvenile Act requires the trial judge to consider the protection of the public interest, and to fashion a sentence which is best suited to the child's treatment, supervision, rehabilitation, and welfare, under the individual circumstances of each child's case. In the instant case, not only did the trial judge fail to consider the protection of the public, he gave no consideration to R.W.'s individual need for treatment, supervision, rehabilitation, or welfare. The trial judge is taking a "one-size-fits-all" approach to certain juvenile drug offenders by adopting what he acknowledges is a blanket policy of dismissing the charges. Such a blanket policy is as inappropriate in juvenile cases as it is in adult sentencing cases, in that it fails to consider the individual circumstances of the defendant as required. Therefore, we hold that Judge Rebstock's adoption of such a blanket policy is a manifest abuse of discretion.

¶ 10 With respect to the Commonwealth's second issue, namely, whether the trial court's actions were justified as a discovery sanction, we note that this issue was addressed above in conjunction with our disposition of the Commonwealth's first issue. *See supra note 1*.

¶ 11 Finally, and of grave concern to this Court, the Commonwealth argues that the actions of Judge Rebstock, specifically, his predisposition of cases involving small amounts of marijuana and an alleged threat of retaliation for the Commonwealth's requests for recusal, gave rise to an appearance of impropriety. Once

again, we already have determined that Judge Rebstock's predisposition of cases involving possession of small amounts of marijuana based on a blanket policy is inappropriate and an abuse of discretion. Of greater concern is the Commonwealth's allegation that Judge Rebstock threatened to retaliate against the Commonwealth should the Commonwealth continue to request that he recuse from these types of cases. Specifically, the Commonwealth quotes the following remarks by Judge Rebstock:

> Well, then, you go upstairs and tell whoever directed you to start playing these games, that's the second recusal request I've had today.
>
> If they're going to start playing games in this courtroom they're going to be very, very sad because, like, I'm the referee. I can't lose.... So if that's what everybody wants to do they're welcome to it. But when they start really getting whacked then I don't want to hear about it.

(Commonwealth's Brief at 8–9 (emphasis omitted).) We are compelled, however, to find this issue to be waived, as a result of the Commonwealth's failure to identify it specifically in its concise statement of matters complained of on appeal filed pursuant to Pa.R.A.P. 1925(b), and therefore, we shall not address it within the context of this appeal. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998).[2]

¶ 12 For the reasons set forth above, we vacate the order of the trial court which dismissed the charges against R.W., and remand this case for adjudication or other proceedings before a judge other than Judge Rebstock consistent with the directions in this opinion.[3]

¶ 13 Order **VACATED.** Case **RE-MANDED.** Jurisdiction **RELIN-QUISHED.**

---

2. The Commonwealth's support for this allegation consists of pages of a transcript from a hearing *in a different case.* Thus, we question whether it would be appropriate for this Court to address the Commonwealth's allegations in the context of the instant case even if the issue had not been waived.

3. Assignment to a different judge on remand is appropriate "when the judge's actions below demonstrated a degree of bias, capricious

disbelief, or prejudgment such as to raise doubts as to his or her ability to preside objectively and fairly upon remand." *Koleski v. Park*, 363 Pa.Super. 22, 34, 525 A.2d 405, 410 (1987) (citation omitted). In view of Judge Rebstock's demonstrated prejudgment of cases involving possession of small amounts of marijuana, we believe that remand to a different trial judge is appropriate in the instant case.