J-S54014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: T.J.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 414 MDA 2014 |

Appeal from the Dispositional Order February 25, 2014
In the Court of Common Pleas of Centre County
Juvenile Division at No(s): CP-14-JV-0000131-2013

BEFORE: LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.                    **FILED OCTOBER 08, 2014**

T.J.C. appeals from a dispositional order entered following his adjudication of delinquency for theft by failure to make required disposition of funds[1] (M1) and receiving stolen property (RSP) (M1).[2] T.J.C. was placed on probation under the supervision of the Centre County Juvenile Court, ordered to participate in all treatment programs deemed necessary and appropriate, and directed to complete 25 hours of community service.[3] After careful review, we affirm in part, vacate in part and remand.

In November 2013, while volunteering at his middle school library, T.J.C. removed the bright orange protective case of a school-owned 7"

---

[1] 18 Pa.C.S. § 3927(a).

[2] 18 Pa.C.S. § 3925(a).

[3] The Commonwealth withdrew its original charge of theft by unlawful taking.

Amazon Kindle,[4] took the device out of the library, and used it in his study hall. While using the device, T.J.C. registered his own personal account on the device and downloaded applications[5] onto it, both of which alerted school authorities of his unauthorized use. Approximately 45 minutes after using the device, the school librarian traced the Kindle to T.J.C. who was in study hall. T.J.C. had placed the device inside of his three-ring binder. Although T.J.C. initially denied possessing the device, he ultimately admitted to having taken it from the school library.

On appeal, T.J.C. presents the following issue for our review:

> Was the juvenile properly adjudicated delinquent on the offenses of Theft by Failure to Make Required Disposition of Funds Received and Receiving Stolen Property where the theft statute under which he was prosecuted was inapplicable to the *de minim[i]s* nature of the conduct by the juvenile?

T.J.C. argues that the crimes for which he was adjudicated delinquent were not meant to apply to his conduct in the instant case. Specifically, T.J.C. classifies his conduct, violating school policy, as a "*de minimis*" infraction.

---

[4] A Kindle is an e-book reader designed and marketed by Amazon.com. The device allows users to "shop for, download, browse, and read e-books, newspapers, magazines, blogs and other digital media via wireless networking." http://en.wikipedia.org/wiki/Amazon_Kindle.

[5] T.J.C. downloaded applications such as Candy Crush, Facebook and YouTube onto the Kindle.

When reviewing a claim that the trial court erred by not dismissing an infraction as *de minimis*, an appellate court evaluates the ruling for an abuse of discretion; Pennsylvania courts have the discretion to remove culpable conduct from criminal liability in certain situations. ***Commonwealth v. Beck***, 810 A.2d 736 (Pa. Commw. Ct. 2002).

At the adjudication hearing, the middle school librarian testified that, according to school policy, two specific Kindles[6] were not allowed to be removed from the library. Those Kindles were used for reading purposes only and no applications were to be loaded on them. N.T. Adjudication Hearing, 1/16/14, at 12-13. The devices were valued between $300-$500. ***Id.*** at 30-31. The bright orange case on the Kindle removed by T.J.C. was marked with "Property of Bald Eagle Area High/Middle School Library" and a library property code. ***Id.*** at 17. The librarian testified that the students received library orientation in the beginning of the year, which included information regarding the school's policies on removing Kindles from the library. ***Id.*** at 13.

Approximately 45 minutes after T.J.C. left the library with the device, the librarian tracked him down in study hall. She testified that T.J.C.

_____

[6] The school also had two general-use e-readers that were loaned out with a permission slip to students for use outside the library. Neither of these was the device taken by T.J.C. in this case.

ultimately[7] admitted to her that he had removed one of these Kindles from the library, knowing that it was against school policy and without an authorized person's permission. *Id.* at 21, 26. T.J.C., on the other hand, testified at the hearing that he was given permission by one of the librarians to take the Kindle out of the library and stated that he intended to return the device at the end of the period. *Id.* at 36, 37. T.J.C. also admitted to Pennsylvania State Police Trooper Beron F. Steager, during an interview following the incident, that he took the Kindle from the school's library, but that he intended to return it. *Id.* at 41.

The Crimes Code defines *de minimis* infractions as follows:

(a)  General rule. --The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

---

[7] Initially T.J.C. told the librarian he didn't have the Kindle, then he changed his story and told her he took the Kindle out of the library by mistake and that it might be in his locker, before finally admitting he had taken it. *Id.* at 20.

18 Pa.C.S. § 312. The purpose of section 312 is "to remove petty infractions from the reach of the criminal law." *In re R.W.*, 855 A.2d 107, 109 (Pa. Super. 2004) (citing *Commonwealth v. Moll*, 543 A.2d 1221, 1226 (Pa. Super. 1998)).

While recognizing the intent behind section 312, we must also balance the purpose of that statute with the purpose of the Juvenile Act which, consistent with the protection of the public interest, is to "provide children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community." 42 Pa.C.S. § 6301(b)(2).

Instantly, the majority of juvenile cases involving *de minimis* infractions concern the routine dismissal of marijuana possession adjudications, where the trial judge's decision was based purely on the minimal amount of drugs possessed. On appeal, our Court vacated those decisions as a result of the judge's failure to comply with our Commonwealth's indeterminate, individualized sentencing policy which requires sentencing judges to consider the crime and specific defendant in light of the total circumstances. *See In re R.W.*, *supra*; *In re M.M.*, 855 A.2d 112 (Pa. Super. 2004). Therefore, these cases are not relevant to disposing of the issue at hand. Instead, we look to a case involving the

criminal conviction of an adult defendant to provide guidance on when dismissal under section 312 is appropriate based on an individual's conduct.

In *Moll*, *supra*, our Court vacated and discharged a defendant after he was convicted of criminal mischief for cutting a hole in a fifteen-inch storm drain pipe, installed by the Borough of Wormleysburg, on an easement adjacent to his property. On appeal, the defendant argued that while he admitted he intentionally cut the hole in the pipe, he did not have the requisite malice or criminal intent to commit criminal mischief as defined in section 3304(a) of the Crimes Code, 18 Pa.C.S. § 3304. Rather, he contended that his actions were necessary to protect his property from flooding which caused damage to the understructure of his property. In vacating defendant's conviction, our Court found that the defendant's actions were neither reckless nor intended to place another person's property in danger. Finding the underlying action more akin to a civil lawsuit brought by the borough against a local resident, our Court also noted that the prosecution was not of the type that would effectuate the general purposes of the Crimes Code.

Similar to the crime in *Moll*, the two crimes for which T.J.C. was adjudicated delinquent also contain an element of intent. The crime of RSP is defined as:

> (a)    Offense defined. --A person is guilty of theft if he **intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen**, unless the

property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a) (emphasis added).

With regard to T.J.C.'s intent to commit RSP, the librarian testified that T.J.C. admitted he removed the Kindle from the school's library "and that he was not supposed to." N.T. Adjudication Hearing, 1/16/14, at 26. She could not recall if he told her that he intended to return the device to the library when he was finished with it. *Id.* at 27. Although T.J.C. may have testified that he had permission to remove the Kindle from the library and that he planned to return it, it was up to the trial judge, as the trier or fact, to assess the witnesses' credibility. *See Commonwealth v. Pirela*, 580 A.2d 848, 852 (Pa. Super. 1990) (issues of credibility are left to trier of fact who is free to accept all, part, or none of witnesses' testimony).

Based on the fact that T.J.C. removed the Kindle from its protective case, placed the device in his own three-ring binder, downloaded unauthorized applications, and registered the device with his own personal information, we find that the evidence supports the trial court's determination that T.J.C. committed the crime of RSP. T.J.C. acted intentionally and as a result deprived the library of its property without the intent to return it. *Compare In the Interest of B.S.*, 831 A.2d 151 (Pa. Super. 2003) (no criminal intent for RSP adjudication of delinquency where juvenile's presence at scene was insufficient to prove that he was ever in possession of victim's property). Accordingly, we do not find that the trial court abused its discretion by failing to dismiss the RSP charge against T.J.C.

as a *de minimis* infraction; the adjudication serves the purpose of the Juvenile Act. **Beck**, **supra**.

Our review of T.J.C.'s adjudication for the second charge, however, compels a different result. T.J.C. was also adjudicated delinquent for the crime, theft by failure to make required disposition of funds. That offense is defined as:

> (a) Offense defined. --A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S § 3927(a).

Section 3927 has historically been applied to persons who, through virtue of their profession or position, have been legally entrusted with or have agreed to oversee the monies or funds of third parties. As a result of improperly dealing with those monies or failing to deposit the funds as agreed upon by the parties, defendants are charged with violating section 3927. Those situations often include schemes to defraud investors, embezzlement of proceeds by government officials, conversion of payments under a contract, and misappropriation of client funds by an attorney.

A 14-year-old middle-school student who takes a Kindle out of his school library without permission and uses it in study hall is not the type of

criminal conduct intended to be proscribed in section 3927. Therefore, we vacate T.J.C.'s adjudication for theft by failure to make required disposition of funds received.

Order affirmed in part and vacated in part. Case remanded for resentencing.[8] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014

---

[8] Because our disposition may have upset the trial court's sentencing scheme, we remand for resentencing.