J-A28001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: C.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA | |
| Appellant | No. 290 EDA 2013 |

Appeal from the Order Entered December 19, 2012
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0001882-2102;
CP-51-JV-0001883-2012

BEFORE: GANTMAN, P.J., WECHT, J., and JENKINS, J.

DISSENTING STATEMENT BY JENKINS, J.: **FILED DECEMBER 03, 2014**

I respectfully dissent because I believe the trial court abused its discretion by discharging Appellee from probation.

Our Legislature has granted juvenile courts wide, but not unfettered, discretion to dispose of juvenile matters. **See** 42 Pa.C.S. §§ 6341, 6352. The Juvenile Act[1] requires the court to consider the facts of the specific case

_____

[1] The Juvenile Act's stated purposes include, in pertinent part:

> (2) Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

*(Footnote Continued Next Page)*

together with the protection of the public interest to devise a sentence best suited to the child's treatment, supervision, rehabilitation, and welfare. ***In re R.W.***, 855 A.2d 107, 111 (Pa.Super.2004).[2]

Our Legislature has also enacted the Sexual Offender Notification and Registration Act ("SORNA").[3] As the learned majority notes, "[u]nder SORNA, juveniles adjudicated delinquent on or after December 20, 2012, or juveniles adjudicated delinquent prior to that date but who are still under delinquent supervision as of December 20, 2012, are subject to, *inter alia*, lifetime sex offenders' registration." ***See*** Majority Memorandum, p. 2 n.2. I view the intent of the Legislature in enacting SORNA to be quite clear: if, on December 20, 2012, a juvenile has been adjudicated delinquent for the commission of an enumerated crime[4] and is still under delinquent

_(Footnote Continued)_ ─────────────────

42 Pa.C.S. § 6301(b). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents." ***In re L.A.***, 853 A.2d 388, 394 (Pa.Super.2004).

[2] Both the Commonwealth and the 1925(a) opinion cite ***In re R.W.*** for this proposition. In ***In re R.W.***, this Court held that, by routinely refusing to accept guilty pleas from and discharging defendants charged with possession of a small amount of marijuana, this same lower court judge frustrated the very purpose of the Juvenile Act, and that the judge's adoption of such a blanket policy was a manifest abuse of discretion.

[3] ***See*** 42 Pa.C.S. §§ 9799.10 *et seq.* (effective December 20, 2012).

[4] The crime to which Appellee admitted, Involuntary Deviate Sexual Intercourse, is a Tier III sexual offense subject to lifetime sex offender registration under SORNA. ***See*** 42 Pa.C.S. § 9799.14(d); 42 Pa.C.S. § 9799.15(a).

supervision then SORNA and its registration requirements apply to the juvenile in question.

Here, the lower court's 1925(a) opinion reviewed SORNA's requirements as they pertain to juveniles as well as the role of lower courts in juvenile matters pursuant to the Juvenile Act. *See* 1925(a) Opinion, pp. 6-12. The lower court then briefly stated its reasoning in discharging C.C. from probation as follows:

> When fashioning a proper disposition for [C.C.], this [c]ourt considered [C.C.'s] history of successful treatment, supervision, rehabilitation, the victims' mother's own stated wishes for [C.C.], and the stigma and harsh realities of [C.C.] being given the life-long label of a "Juvenile Offender" under SORNA. This [c]ourt believes that it was in the best interest of [C.C.'s] own rehabilitative needs to treat him as a Dependent Child rather than a Delinquent Child.

1925(a) Opinion, p. 12.

However, the record contains no evidence upon which, on December 19, 2012, the trial court could have adjudicated Appellee a dependent child in lieu of the court's previous determination, only five months prior, that Appellee was in fact a delinquent child. Moreover, officials from the Joseph J. Peters Institute, Appellee's probation officer, the complainant's mother, and even the trial court all agreed with the Commonwealth that Appellee remained in need of treatment, supervision, and rehabilitation, as of December 19, 2012.

Simply stated, I do not believe that either the wishes of a complainant's mother, the wishes of the trial court, or both together should

be allowed to trump the will of the people of this Commonwealth as expressed through their duly elected representatives in our Legislature. I view the trial court's discharge of Appellee – one day short of the effective date of the version of SORNA that would have required Appellee to comply with lifetime registration as a sex offender – as a thinly veiled attempt to sidestep the will of the Legislature because the court disagreed with the Legislature's mandate that C.C. be required to register as a sex offender for life.

I recognize that the Legislature, in enacting the Juvenile Act, granted considerable discretion to lower courts in fashioning juvenile punishment/treatment. However, in this case, because I believe the trial court's order represents an attempt to subvert the intent of the Legislature by avoiding the consequences of SORNA, I respectfully dissent.