**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Guy G. GUNTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 2004.

Filed March 9, 2004.

any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.
(b) Consent to requirements applicable to private person
With respect to notice to withhold income ..., or any other order or process to enforce support obligations against an individual (if the order or process contains or is accompanied by sufficient data to permit prompt identification of the individual and the moneys involved), each governmental entity specified in subsection (a) of this section shall be subject to the same requirements as would apply if the entity were a private person, except as otherwise provided in this section.

Jeanne Trivellini, Reading, for Appellant.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellee.

Before: HUDOCK, MONTEMURO * and CAVANAUGH, JJ.

CAVANAUGH, J.:

¶ 1 In July of 2003, Guy G. Gunter entered an open guilty plea to one count of unsworn falsification and one count of delivery of cocaine. He was subsequently sentenced by Judge Scott D. Keller to serve a term of from two to eight years imprisonment. In this appeal from the judgment of sentence, appellant claims that the sentence imposed was predetermined by the court. After careful review, we disagree and, accordingly, we affirm the judgment of sentence.

¶ 2 The pertinent facts, as gleaned from the record, show that on March 25, 2003, appellant was arrested after he sold a small glassine packet containing crack cocaine to an undercover police officer for $10 near the corner of Elm and Front Streets in Reading. The sale occurred within a school zone, *i.e.*, within 1000 feet of the Lauer's Park School located in the 200 block of North Second Street.

¶ 3 Subsequently, appellant pled guilty to delivery of cocaine and unsworn falsification. A pre-sentence investigation report was prepared. At sentencing, the Commonwealth sought "the school zone mandatory of two to ten." Appellant's counsel stated that appellant understood that the delivery conviction was subject to a two year mandatory minimum sentence of incarceration but argued for "a little bit of mitigation here" and asked for a sentence of from two to five years imprisonment.[1] After hearing appellant's allocution, the court imposed a sentence of from two to eight years imprisonment and expressed its reasons for the sentence as follows:

> ... The defendant does have a prior record of p.w.i. for cocaine. He does have a prior record of incarceration in-county, county supervisions, that were violated. We believe that total confinement is necessary and a lengthy tail for all those reasons.

¶ 4 Appellant filed post-sentence motions for reconsideration of sentence which requested the court to recommend boot camp[2] and to reduce the maximum term of

---

* Retired Justice assigned to the Superior Court.

1. Counsel argued that leniency was warranted because appellant is married and gainfully employed and that the $10 sale was the result of appellant's "terrible addiction problem."

2. Boot camp is a six month program which provides inmates with regimented work activity, training, education and counseling. 61 P.S. § 1123. Upon completion of the program "the inmate is automatically released on parole. By authorizing participation in boot camp, the court agrees to allow the inmate to

incarceration. The court granted the request to recommend boot camp but denied the request to reduce the maximum term.

■ ¶ 5 On appeal, appellant maintains that the court had a predetermined policy of sentencing all persons convicted of drug or weapons offenses to the maximum term of incarceration without consideration of individual factors and circumstances. We begin by recognizing that this court recently concluded that the sentencing court did, in fact, have such a policy. *See Commonwealth v. Mola,* 838 A.2d 791 (Pa.Super.2003) and *Commonwealth v. Morales–Gonzalez,* No. 233 MDA 2003, 844 A.2d 1285 (Pa.Super.2003) (unpublished memorandum). In both *Mola* and *Morales–Gonzalez,* this court vacated the predetermined statutory maximum sentences imposed and remanded for resentencing.

¶ 6 However, the instant matter differs in three important aspects. First, in both *Mola* and *Morales–Gonzalez,* the court imposed the statutory maximum (fifteen years) as the maximum term. Here, the court did not do so, but imposed a maximum term (eight years) which was twelve years less than the available statutory maximum (twenty years). *See* 35 P.S. § 780–115(a). Second, in both *Mola* and *Morales–Gonzalez,* the record on appeal included the court's expression of its policy as the reason for the sentences it imposed.[3] Here, there was no expression of a predetermined policy of imposing maximum sentences and the record shows that the reasons for the sentence actually imposed included appellant's status as a repeat drug offender and parole violator. Third, in *Mola* and *Morales–Gonzalez,* it appears that any requests for boot camp recommendation were denied. Here, the request for boot camp recommendation was granted post-sentence.

¶ 7 Appellant frames his issue as a challenge to the discretionary aspects of sentencing and has complied with appellate procedure by including in his brief a separate statement of reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Moreover, because the Sentencing Code "embodies the philosophy of individual sentencing," *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650, 656 (1976), appellant's claim that the court imposed a predetermined sentence clearly presents a substantial question that the sentence imposed is not appropriate under the Sentencing Code. However, upon careful review, we conclude

be released prior to the expiration of the minimum sentence." 204 Pa.Code § 303.12(b). Although the court may recommend boot camp, the Department of Corrections makes the final determination regarding admission into the program. *Id.*

**3.** At sentencing in *Morales–Gonzalez,* the court stated as follows:

This Court—and I'm giving you notice, defense counsel and you Assistant D.A.s—on appropriate cases, on appropriate delivery of drug cases and gun cases, this Court has decided that due to the crisis in this city, I will be imposing the maximum sentences possible from here on out.... There has to be some change in this city, and it's

going to start in this courtroom with, unfortunately, this Defendant.

In *Mola,* the court stated in its Rule 1925(a) opinion that

The imposition on drug dealers of maximum sentences far lower than the statutory maximum and making drug dealers eligible for boot camp has not deterred drug trafficking in the city of Reading at large nor individuals, such as the defendant. This court has decided that there must be some changes in the city of Reading and this court believes that the imposition of the lawful maximum sentences on drug delivery cases will help to serve as a deterrent to those who would consider dealing drugs in Reading and Berks County.

*Mola,* 838 A.2d at 794.

that Judge Keller, who was informed by a presentence investigation report, did not impose a predetermined sentence, but properly took into consideration all appropriate factors in fashioning sentence. We see no abuse of discretion.

¶ 8 Appellant's second issue, raising a claim of denial of equal protection under the law, is waived for failure to raise it in his Rule 1925(b) statement of matters complained of on appeal pursuant to *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), and its progeny.

¶ 9 The judgment of sentence is affirmed.