**In the Interest of: M.M.**

**Commonwealth of Pennsylvania, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 2004.
Filed July 21, 2004.

---

3. Assignment to a different judge on remand is appropriate "when the judge's actions below demonstrated a degree of bias, capricious

disbelief, or prejudgment such as to raise doubts as to his or her ability to preside objectively and fairly upon remand." *Koleski v. Park,* 363 Pa.Super. 22, 34, 525 A.2d 405, 410 (1987) (citation omitted). In view of Judge Rebstock's demonstrated prejudgment of cases involving possession of small amounts of marijuana, we believe that remand to a different trial judge is appropriate in the instant case.

Michael Erlich, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Joseph J. Valvo, Philadelphia, for appellee. (No brief filed).

BEFORE: TODD, PANELLA, and JOHNSON, JJ.

OPINION BY TODD, J.:

¶ 1 The Commonwealth of Pennsylvania appeals the December 9, 2002 order of the Philadelphia Court of Common Pleas dismissing the charge of possession of a controlled substance filed against M.M. For the reasons set forth below, we vacate the order and remand the case to the trial court.

¶ 2 On November 20, 2002, M.M., who was 16 years old at the time, was arrested and charged with possession of a controlled substance, namely, marijuana, under 35 P.S. § 780–113(a)(16). Following his arrest, M.M. spent several days in custody at the Youth Study Center. Based on the fact that M.M. possessed .40 grams of marijuana,[1] the charges against M.M. later were amended to include the charge of possession of a small amount of marijuana for personal use under 35 P.S. § 780–113(a)(31). On December 9, 2002, the Commonwealth requested that the court defer adjudication and order M.M. to undergo treatment. The Honorable Robert J. Rebstock refused to defer adjudication, and instead dismissed *sua sponte* the charges against M.M. on the grounds that M.M.'s conduct was *de minimus* under 18 Pa.C.S.A. § 312(a). In doing so, Judge Rebstock stated:

> I understand that you don't have any objection to a deferred adjudication. Here's the problem, I don't try these cases.
>
> And so I'm having a hard time allowing him to admit to something that I routinely discharge in this courtroom be-

---

1. M.M. admitted to having purchased four "nickel bags" of marijuana, totaling .4 grams.

cause it has nothing to do with him. Okay. But if you don't bring him in with something else besides possession of a small amount of marijuana, I discharge the case as a diminimous [sic] amount of marijuana.

Because I don't believe in tieing [sic] the system up with it. If he does something else besides possessing a small amount of marijuana then I will willingly find him, you know, and deal with that.

(N.T. Hearing, 12/9/02, at 2–3.)

¶ 3 We note that the proper standard of review for evaluating a trial court's rejection of a defendant's plea and the dismissal of the charges as *de minimus* infractions is whether the court abused its discretion. *Commonwealth v. Przybyla,* 722 A.2d 183, 184 (Pa.Super.1998). Section 312(a) provides:

(a) **General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial

to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a). The purpose of Section 312 is "to remove petty infractions from the reach of the criminal law." *Commonwealth v. Moll,* 375 Pa.Super. 147, 156, 543 A.2d 1221, 1226 (1988).

¶ 4 At the hearing at which he dismissed the charges against M.M., Judge Rebstock stated that he did not believe in tying up the court system with the offense for which M.M. was charged. His stated objective is not, however, an appropriate basis for dismissing a charge under Section 312.[2] Indeed, this Court previously has condemned the adoption of a blanket policy by the trial court with respect to sentencing matters. In *Commonwealth v. Mola,* 838 A.2d 791 (Pa.Super.2003), this Court held that a colorable claim of a blanket sentencing policy raised a substantial question as to whether the sentence violates the Sentencing Code, which requires sentences tailored to each case. *Id.* at 792. In *Mola,* the appellant pled guilty to two counts of delivering a controlled substance, and the trial judge sentenced him to concurrent terms of 2 to 15 years. The statutory maximum sentence for the offense is 15 years. In sentencing Mola, the trial judge announced a blanket policy that "there must be some changes in the

---

2. We note that in his opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Judge Rebstock explained that he dismissed the charges against M.M. on the grounds that, under Section 312(a)(2), M.M.'s conduct was "too insignificant to warrant a conviction." (Trial Court Opinion, 5/27/03, at 4.) Initially, we note that as this is a juvenile case, M.M. was subject to an adjudication of delinquency and not a

criminal conviction. Furthermore, while we express no opinion whether the amount of marijuana possessed by M.M. can be considered *de minimus* in certain circumstances, it is apparent based on our review of the record that Judge Rebstock dismissed the charges against M.M. based on his blanket policy regarding such cases, rather than on the individual circumstances of M.M.'s case.

city of Reading and this court believes that the imposition of the lawful maximum sentences on drug delivery cases will help to serve as a deterrent to those who would consider dealing drugs in Reading and Berks County." *Id.* at 794 (quoting trial court's opinion). The trial judge further indicated that "in appropriate cases this court intends to impose the maximum sentence from now on." *Id.*

¶ 5 In holding that the trial court abused its discretion, this Court explained:

> Imposing a standardized sentence on all drug offenders is a manifest abuse of discretion. Pennsylvania has long endorsed a policy of indeterminate, individualized sentencing. That policy is incompatible with a one-size-fits-all sentence. In effect, the trial court chose the maximum sentence based on seriousness of the crime alone, which is impermissible. The trial court must consider each crime and each defendant in light of the total circumstances and fashion an appropriate sentence.

*Id.* (citations omitted).

¶ 6 As noted above, Judge Rebstock repeatedly indicated that he did not and would not try cases wherein the defendant is charged only with possession of a small amount of marijuana, and that it was his practice to discharge such cases. Thus, it is clear that Judge Rebstock has adopted a blanket policy as to these types of cases. We recognize that the instant case does not involve an alleged violation of the Sentencing Code, as did *Mola*. However, our concerns regarding a trial court's blanket sentencing policy for the perpetrators of a specific crime and its failure to consider the individual circumstances of a defendant are equally applicable to the case *sub judice*.

¶ 7 Moreover, the trial court's actions frustrate the purposes of the Juvenile Act. Section 6301 of the Juvenile Act delineates the following among the purposes of the Act:

> Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). Under Section 6352 of the Juvenile Act, upon a finding that a child is delinquent, the trial court has a number of possible orders of disposition with the proviso that the disposition is:

> consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community.

42 Pa.C.S.A. § 6352(a).

¶ 8 By routinely refusing to accept guilty pleas from and discharging defendants charged with possession of a small amount of marijuana, such as M.M., Judge Rebstock is frustrating the very purpose of the Juvenile Act. The Juvenile Act requires the trial judge to consider the protection of the public interest, and to fashion a sentence which is best suited to the child's treatment, supervision, rehabilitation, and welfare, under the individual circumstances of each child's case. In the instant case, not only did the trial judge

fail to consider the protection of the public, he gave no consideration to M.M.'s individual need for treatment, supervision, rehabilitation, or welfare. The trial judge is taking a "one-size-fits-all" approach to certain juvenile drug offenders by adopting what he acknowledges is a blanket policy of dismissing the charges. Such a blanket policy is as inappropriate in juvenile cases as it is in adult sentencing cases, in that it fails to consider the individual circumstances of the defendant as required. Therefore, we hold that Judge Rebstock's adoption of such a blanket policy is a manifest abuse of discretion.

¶ 9 For the reasons set forth above, we vacate the order of the trial court which dismissed the charges against M.M., and remand this case for adjudication or other proceedings before a judge other than Judge Rebstock[3] consistent with the directions in this opinion.

¶ 10 Order **VACATED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**

---

3. Assignment to a different judge on remand is appropriate "when the judge's actions below demonstrated a degree of bias, capricious disbelief, or prejudgment such as to raise doubts as to his or her ability to preside objectively and fairly upon remand." *Koleski v. Park,* 363 Pa.Super. 22, 34, 525 A.2d 405, 410 (1987) (citation omitted). In view of Judge Rebstock's demonstrated prejudgment of cases involving possession of small amounts of marijuana, we believe that remand to a different trial judge is appropriate in the instant case.