J-S24028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY ELAM, | : | |
| | : | |
| Appellant | : | No. 1555 MDA 2017 |

Appeal from the Judgment of Sentence, August 10, 2017,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0003940-2016,
CP-36-CR-0003941-2016,
CP-36-CR-0004386-2016.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED JUNE 28, 2018**

Stanley Elam appeals from the judgment of sentence imposed after a jury convicted him of with one count of delivery of a controlled substance at three different dockets.[1]  After careful review, we affirm.

Elam's convictions stem from his delivery of heroin to a confidential informant on three different occasions at three separate locations from January 2016 to February 2016.  On May 3, 2017, a jury convicted him on these charges.  Sentencing was deferred pending the completion of a pre-sentence investigation ordered by the trial court.  On August 10, 2017, Elam was sentenced to consecutive terms of imprisonment of 15 months to 5 years on each count, for an aggregate sentence of not less than 45 months nor more

---

[1] 35 Pa. C.S.A. § 780-113(a)(30)

than 15 years. On August 22, 2017, Elam filed a post sentence motion to modify sentence which the court denied on September 7, 2017. Elam filed his notice of appeal on October 6, 2017.

Elam's appeal challenges the discretionary aspect of his sentence. "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254 (Pa. Super. 2004). When an appellant challenges a discretionary aspect of sentencing, we must conduct a four-part analysis before we reach the merits of the Appellant's claim. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). In this analysis, we must determine: (1) whether the present appeal is timely; (2) whether the issue raised on appeal was properly preserved; (3) whether Elam filed a statement pursuant to Pa.R.A.P. 2119(f); and (4) whether Elam has raised a substantial question that his sentence is not appropriate under the Sentencing Code. *Id*.

Elam filed a timely notice of appeal, and properly preserved his claim in a post-sentence motion. Additionally, Elam has complied with Pa.R.A.P. 2119(f). *See* Elam's Brief at 13. We must therefore determine whether Elam has raised a substantial question for our review.

A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental

norms underlying the sentencing process. ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted). A fundamental norm in the sentencing process is an individualized sentence for each defendant. ***Commonwealth v. Devers***, 546 A.2d 12, 13(Pa. 1988). Individualized sentencing is authorized by the Sentencing Code which requires the sentencing court to consider public safety, the gravity of the offense in relation to the impact on the victim and community, and the defendant's rehabilitative needs. ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015) (citing Pa. C.S.A. § 9721). Here, within his 2119(f) statement Elam asserts:

> Mr. Elam contends that the trial court's aggregate sentence of forty-five (45) [months] to fifteen (15) years of incarceration constituted a manifest abuse of discretion because the court impermissibly relied on the seriousness of the offense and the ongoing heroin crisis in the county in imposing consecutive sentences.

Elam's Brief at 13.

Essentially, Elam argues that in sentencing him, the trial court failed to fashion an individualized sentence, and considered improper factors. Accordingly, Elam's claim raises a substantial question. ***See Commonwealth v. King***, __A.3d__ (Pa. Super. 2018) (finding that appellant's assertion that the sentencing court considered improper factors by admitting a potentially erroneous victim impact statement raised a substantial question).

Our standard of review when analyzing the discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Booze*, 953 A.2d 1263, 1278-79 (Pa. Super. 2008).

Elam contends that the sentencing court "failed to comply with statutory sentencing norms requiring individualized sentence and [that imposing consecutive sentences] was a manifest abuse of discretion." Elam's Brief at 12. He further argues that the court impermissibly relied on the serious nature of the crime and the present heroin crisis while ignoring Elam's unique characteristics, thereby running afoul of the basic premises of Pennsylvania's individualized sentencing. *Id*. 13-14.

In determining whether the trial court made the proper considerations during sentencing, we must review the sentencing judge's comments to ensure that he afforded "individualized consideration to the character of the defendant." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1187 (Pa. Super. 2001). Before issuing Elam's sentence, the trial judge commented as follows:

> I've gone over the presentence report in detail. I note by way of summary you're 57 years of age. You're single. You went through the 11th grade in South Philadelphia High School.
>
> You report having one son, but you provided no details to the Probation Department.

These involve three - these offenses involve three heroin deliveries on January 19th, 21st and February 16th all in 2016.

You have no reported juvenile record.

You have an adult record for several offenses of receiving stolen property, conspiracy, criminal intent, is a misdemeanor in the third degree; violation of the Controlled Substance Act is a felony, and then there is the subsequent DUI and drug paraphernalia charge.

You were born in Philadelphia. You have six brothers and two sisters. Four of your brothers and one sister are now deceased.

As I noted, you left South Philadelphia High School due to having to repeat 11th grade, so you went to South Carolina and you worked on a farm for a year before you came back to Philadelphia.

Back in Philadelphia you had employment as a carpenter and as a truck driver. You then came to Lancaster in about 2000.

You were living with a girlfriend prior to your incarceration in Lancaster County Prison on these charges.

You did not obtain your GED after leaving high school, nor is there any vocational or further education training.

(At this point the Defendant interrupts to note that he has sprinkler training)

You report being in good overall general heath. You report some alcohol and crack cocaine use at 17, as well as some marijuana use, and describe yourself as a social drinker.

You have had recent employment as a truck driver and as a forklift operator, and as Ms. Low indicated this afternoon, you also had employment installing sprinklers.

You have a fines and costs balance of about $725. It's a little less than that, but that's approximately what it is.

I've also gone over the charging documents that are attached to the presentence report. And we have revised

the sentencing guidelines to accurately reflect your prior record score.

I've also reviewed the letter that you submitted, and in addition I did sit through the jury trial.

In addition to the presentence report and the attachments, I have considered the provisions of the sentencing code and the sentencing guidelines.

I've considered the circumstances of these offenses, in that these are three deliveries in a relatively short period of time.

I've considered the authorized penalties for these offenses. I've considered the need to protect the community.

As both your attorney and the prosecuting officer indicated, and the district attorney referenced, heroin abuse is a crisis at this point, not only in this country, but in this county.

I've considered your rehabilitative needs. I have considered what Ms. Low said on your behalf, the positions expressed by the Commonwealth, and I've considered what you have said.

It's obvious that you are an intelligent individual. It's obvious that you have been able to maintain periods where you've had productive employment.

It's equally obvious that you have a longstanding criminal history.

You have been involved in a number of offense, including one that resulted in incarceration in the state correction institution.

Anything you say about it being entrapment or not entrapment, that ship has sailed at this point. As I told you, that's the final conviction.

There has to be some type of deterrence to make clear to people that this type of activity is simply not something that's worthwhile to engage in.

And for that reason I concur fully with the Commonwealth's request that these sentences should be consecutive.

This is not a one time situation. In addition, it is clear looking over your work history that you do not sell to support your habit out of desperation, nor is there any indication what you've reported to the Probation Department that you have any type of active addiction that you would be at least wiling to disclose.

N.T. 8/10/17 at 11-15.

Elam takes issue with the following two statements made by the trial court:

As both your attorney and the prosecuting officer indicated, and the district attorney referenced, heroin abuse is a crisis at this point, not only in this country, but in this county. *Id.* at 17.

There has to be some type of deterrence to make clear to people that this type of activity is simply not something that's worthwhile to engage in. And for that reason I concur fully with the Commonwealth's request these sentences should be consecutive. *Id.*

Elam claims that these statements demonstrate that the judge imposed consecutive sentences not based on his personal circumstances, but rather on "the seriousness of the offense as it relates to the purported heroin and opioid crisis . . ." *Id.* at 16. However, Elam ignores all of the other reasons the court articulated for imposing consecutive sentences.

Here, the sentencing court set forth multiple reasons for imposing consecutive sentences. The court noted that Elam was convicted of three separate heroin deliveries; he had a prior record beginning in 1989 which included drug offenses; he served time in state prison; he demonstrated

failure to rehabilitate. Further, the record indicated that Elam was involved in drug dealings of a larger capacity.

Elam relies on this Court's decision in **Commonwealth v. Mola**, 838 A.2d 791 (Pa. Super. 2003), where we found the trial court abused its discretion when it imposed a statutory maximum sentence as a means of general deterrence to prevent future drug dealing. Elam's Brief at 18. The present case, however, is easily distinguishable from **Mola**. First, unlike in **Mola**, the trial court did not impose the statutory maximum sentence, but instead, set Elam's sentence at the lowest end of the standard range of the sentencing guidelines. Elam faced a potential sentence of 90 years' incarceration under the maximum legal penalty. He had a prior record score of 4 during his current sentencing, and he had a prior felony drug offense in 2012. Despite these facts, the trial court decided to set the individual sentences at the lowest end of the standard range of the sentencing guidelines.

More importantly, in **Mola**, the sentencing court announced a blanket policy, whereby it would impose a maximum sentence on all drug delivery cases to discourage illegal drug trafficking, which this Court found to be a manifest abuse of discretion. **Id**. at 794. In Elam's case, there is no such indication that the trial court was issuing a predetermined sentence on all drug related crimes. Instead, the court demonstrated that it considered multiple factors that were personal to Elam as well as deterrence considerations.

Elam also relies on our decision in **Commonwealth v. Luketic**, 162 A.3d 1149 (Pa. Super. 2017) to support his argument. In that case, this Court vacated the judgment of sentence, finding that the sentencing court failed to consider individualized factors regarding Luketic. **Id.** at 1149. In **Luketic,** the sentencing court referred to the heroin epidemic as the "modern day plague." Elam's Brief at 19. However, the lynchpin in **Luketic**, was not the court's reference to the community's drug problem, but rather its pre-determination of Luketic's sentence; the court specifically declared that it would send Luketic to jail before the sentencing hearing even began and before it received any individualized information about Luketic from the testimony at the sentencing hearing.[2] **Id.** at 163.

---

[2] Luketic's co-defendant, Buckner, was sentenced immediately before Luketic. Luketic was present at Buckner's hearing. The judge, referring to Luketic**,** told Buckner during his hearing: "He is going to jail, too. He is not walking out of here either." Luketic's counsel expressed that the court favored sending him to jail, to which the court responded: "I am going to send Luketic to jail. Let's not have any equivocation. He is going to jail, they are both opposite sides of the same coin. That's why he is going to jail, because he creates the guy that is with him." Without hearing evidence pertaining to Luketic, the court undoubtedly decided his jail sentence.

Despite probation being the standard range sentence, the court made no indication that it would even consider another sentence after hearing evidence pertaining to Luketic. Although the court listened to Luketic's mitigating factors, it did not properly take them into account.

The court's 1925(a) opinion clearly showed that it "afforded [Luketic] an opportunity to argue not so that it could use [Luketic's] information to craft an appropriate individualized sentence, but at most, to see if [Luketic] could rebut the court's 'preconceived notion' of the sentence the court already had decided to impose. In these circumstances, the sentence was invalid." **Luketic**, 162 A.3d at 1163-4.

No such predetermination of sentence occurred Elam's case. Moreover, the sentencing court's mention of the opioid crisis was legally proper. When fashioning a sentence, the court must follow principles that are consistent with public protection and the impact the crime has on the community. 42 Pa.C.S.A. § 9721(b). Additionally, our Supreme Court has held that it is appropriate for sentencing courts to consider the effects on the community from illegal drug distribution and that the courts are afforded flexibility in evaluating the real world effects of the offense when crafting the sentence. **Commonwealth v. Ali**, 149 A.3d 29, 38 (Pa. 2016).

In addition to accounting for community impact, the court must consider individualized aspects as well, to ensure a "measured approach" during sentencing. **Id**. at 39. There is a presumption that when a presentence report exists, the sentencing court was aware of its contents and weighed those considerations, which are relevant to the defendant's character appropriately. **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545-46 (Pa. Super. 1997). Here, the trial court postponed sentencing after Elam's conviction in order to procure a pre-sentence report, and noted that it considered the report during sentencing.

Our careful review of the record convinces us that the trial court did not abuse its discretion in fashioning Elam's sentence. The court properly considered public safety, community impact, and Elam's individual characteristics. Most notably, the court made a thorough statement before imposing Elam's sentence which included an extensive account of Elam's

- 10 -

personal background, such as his age, family history, education, lack of a juvenile record, work history, productive employment history, vocational training, limited drug/alcohol use, overall good health, and intelligence. It is evident to us that the sentencing court engaged in a meaningful weighing of all the sentencing factors, and that Elam is merely displeased with the weight the court gave the mitigating factors.

For the foregoing reasons, we affirm Elam's judgment of sentence. Judgement of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2018