J. S21035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JUSTIN SCOTT DIGNARD, : No. 1629 WDA 2017
:
Appellant :


Appeal from the Judgment of Sentence, August 9, 2016,
in the Court of Common Pleas of Venango County
Criminal Division at No. CP-61-CR-0000143-2016


BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 15, 2018**

Justin Scott Dignard appeals from the August 9, 2016[1] judgment of sentence entered in the Court of Common Pleas of Venango County following his convictions for robbery—threat of serious bodily injury and robbery (felony 2).[2]  Matthew C. Parson, Esq. ("Attorney Parson") has filed an application to withdraw, alleging that the appeal is frivolous, accompanied by

---

[1] Appellant's appeal rights were reinstated pursuant to a petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, proceeding.  Appellant's appellate counsel mistakenly stated that he appealed to this court from the order of October 2, 2017, which granted the PCRA petition.  Appellant's appeal properly lies from the judgment of sentence, dated August 9, 2016.  The caption originally stated that the appeal was from the PCRA order.  We have amended the caption accordingly.

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 3701(a)(1)(v), respectively.

J. S21035/18

an **Anders** brief.[3]  After careful review, we grant counsel's petition to withdraw

and affirm the judgment of sentence.

The following factual and procedural history as originally set forth by the

trial court is as follows:

> The above-captioned cases arise out of two armed robberies of businesses located in Oil City, Pennsylvania, occurring on December 30, 2011 and June 1, 2012, respectively.  [Appellant] eluded authorities for a lengthy period of time, but was eventually arrested . . . .
>
> [Appellant] signed a plea agreement dated June 2, 2016, in which he pled guilty to Count 2, Robbery-Threat of Serious Bodily Injury (Felony 1) at CR No. 143-2016, and Count 1, Robbery (Felony 2) at CR No. 142-2016.  The Commonwealth recommended [appellant] serve standard range sentences at both counts and that they be served concurrently.
>
> Prior to sentencing, [appellant] underwent a pre-sentence investigation and his prior record score was calculated as being a three (3).  The guidelines called for a sentence of fifteen (15) to twenty-one (21) months, and the statutory minimum and maximum sentences were sixty (60) to one hundred and twenty (120) months at Count 1, Felony 2 Robbery.  The guidelines called for a sentence of forty-two (42) to fifty-four (54) months, and the statutory minimum and maximum sentences were one hundred and twenty (120) to two hundred and forty [240] months at Count 2, Felony 1 Robbery-Threat of Serious Bodily Injury.
>
> On August 9, 2016, [appellant] was sentenced by this Court at CR No. 142-2016 on Count 1, Felony 2 Robbery as follows:

---

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

- 2 -

> pay the costs of prosecution, all other costs, pay a fine $0 in order to facilitate restitution, make restitution payable to the Clerk of Court[s] of Venango County, in the sum of $900, for the use of Leroy and Elizabeth George, said restitution shall be paid in ten (10) years and is a condition of sentence, and undergo an imprisonment in a STATE INSTITUTION OF THE DEPARTMENT OF CORRECTIONS for a minimum of which shall be twenty-one (21) months, the maximum of which shall be ten (10) years.

Judge Boyer's August 9, 2016 Amended Sentence Order (emphasis in original). In the same sentence order, [appellant] was sentenced by this Court at CR No. 143-2016 on Count 2, Felony 1 Robbery-Threat of Serious Bodily Injury as follows:

> pay the costs of prosecution, all other costs, pay a fine $0 in order to facilitate restitution, make restitution payable to the Clerk of Court[s] of Venango County, in the sum of $6,130, for the use of Thorne's Market, 809 Grandview Road, Oil City, Pennsylvania, 16301 (Said Restitution shall be joint and several with codefendant, Adrian Dignard at C.R. No. 78-2016.) said restitution shall be paid with [sic] ten (10) years and is a condition of sentence, and undergo an imprisonment in a STATE INSTITUTION OF THE DEPARTMENT OF CORRECTIONS for a minimum of which shall be forty-two (42) months, the maximum of which shall be twenty (20) years.

*Id.* (emphasis in original). The Court stated that the sentences imposed at CR No. 142-2016 and CR No. 143-2016 were to be served concurrently. *Id.*

> [Appellant] filed a timely notice of appeal, and [appellant] filed the instant Concise Statement on November 17, 2017.[4]

Trial court opinion, 12/8/17[5] at 1-3.

Appellant raises the following issue for this court's review: "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered a Sentence to the maximum of the statute for the sole basis of ensuring restitution was paid in full[?]" (Appellant's brief at 5.)

On February 16, 2018, Attorney Parson filed in this court a petition for leave to withdraw as counsel, because he found the appeal to be "***wholly frivolous***," and an ***Anders*** brief. (Petition for leave to withdraw as counsel, 2/16/18 at 1, ¶ 4 (emphasis in original).) This court denied the petition to withdraw on the basis that Attorney Parson failed to comply with the third and fourth requirements of ***Santiago*** in that he failed to set forth his conclusion that the appeal was frivolous and failed to set forth his reasons for concluding that the appeal was frivolous.

---

[4] Appellant filed for reinstatement of his appeal rights due to ineffective assistance of counsel under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On October 2, 2017, the trial court granted the PCRA petition and ordered Attorney Parson, appellant's PCRA counsel, to file a direct appeal on behalf of appellant from the judgment of sentence. Attorney Parson filed the notice of appeal on October 26, 2017.

[5] The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 8, 2017.

When this court denied the petition to withdraw, we remanded this case to the trial court with instruction to counsel to file either a compliant *Anders*/*Santiago* brief or an advocate's brief within 30 days of the date of this court's memorandum. Attorney Parson filed a timely *Anders* brief on June 20, 2018.

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

>> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

>> *Anders* counsel must also provide a copy of the *Anders*

petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed **pro se** or raise additional points worthy of the Court's attention.

**Woods**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise requirements of an **Anders** brief:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

**Id.** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 1248. In so doing, we review not only the

> issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Id.**

**Commonwealth v. Hankerson**, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Regarding the requirements of **Anders**, Attorney Parson has filed a petition that avers that, after a conscientious examination of the record, he finds the appeal to be wholly frivolous. He has also filed a brief that attempts to set forth the issues that might arguably support the appeal. He identifies the issue in the statement of questions involved in the brief as "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered a Sentence to the maximum of the statute for the sole basis of ensuring restitution was paid in full[?]" (**Anders** brief at 5.) The body of the argument section of the brief addresses the issue contained in the statement of questions involved, so the issue set forth in the brief complies with **Anders**. A review of the record reveals that Attorney Parson complied with the requirements of **Anders** concerning notification to appellant.

With respect to the requirements of **Santiago**, Attorney Parson has provided a summary of the procedural history and facts. He has also set forth his conclusion that the appeal is frivolous. Attorney Parson reaches this conclusion because, based on his review of the relevant case law, the trial court's imposition of a sentence with the maximum sentence at the statutory limit does not constitute an abuse of discretion.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. As Attorney Parson has fulfilled the requirements of ***Santiago***, we now turn to the merits of appellant's appeal.

The possible issue raised in the brief is that the trial court erred as a matter of law or abused its discretion when it ordered a sentence to the statutory maximum for the sole basis of ensuring that restitution was paid in full.

In reviewing the record, the trial court had the benefit of a pre-sentence investigation report when it imposed the sentence on appellant. The trial court imposed minimum sentences within the sentencing guidelines for both robbery convictions. The trial court imposed the statutory maximums for both robbery convictions and ran the sentences concurrent to one another. At the sentencing hearing, the trial court initially stated, "I am putting the maximum period of supervision in, that's because of the restitution." (Notes of testimony, 8/9/16 at 22.) However, later at the sentencing hearing, the trial court attempted to clarify the sentencing with respect to restitution:

> At the restitution I need to say, restitution shall be paid within twenty years. Restitution is a condition of sentence. Now that's on the---wow that's---no I can't do that because of the ten years. I need to say on both of these cases, restitution shall be paid within ten years and is a condition of sentence, because the max

> on that $6,130 is the ten year sentence, it can't exceed that. So restitution has to be paid in ten years as a condition of sentence on both. Okay.

*Id.* at 26-27.

In addition, while discussing the imposition of the sentence, the trial court stated, "[a]ny lesser sentence would depreciate the seriousness of the offense." (*Id.* at 25.)

After a review of the sentencing hearing transcript, it is apparent that the trial court did not impose the statutory maximum sentences in order for appellant to pay restitution. One can see how appellant might think that the trial court based the sentence on restitution, but a review of the transcript as a whole yields a different interpretation. Attorney Parson is correct when he determined that this issue was frivolous as it is not an accurate characterization of the trial court's reasoning for the sentence. On the record, the trial court stated that it imposed the sentences due to the seriousness of the offenses. An appeal based on this issue of a sentence based on restitution would be frivolous. This court reviews challenges to discretionary aspects of sentencing based on whether there was a manifest abuse of discretion. *Commonwealth v. Mola*, 838 A.2d 791, 792 n.2 (Pa.Super. 2003). This court agrees with Attorney Parson that the trial court did not commit a manifest abuse of discretion.

Additionally, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/2018