J-S06036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                                                  :

                    v.                           :
                                                  :

JAVON MCCUNE                        :
                                                    :
                    Appellant          :     No. 29 WDA 2024

Appeal from the Judgment of Sentence Entered December 5, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011911-2019

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: February 27, 2025**

Appellant, Javon McCune, appeals from the judgment of sentence of one to two years' incarceration, followed by two years' probation, imposed after his term of probation was revoked after he committed new crimes. Appellant solely challenges the discretionary aspects of his sentence. We affirm.

The trial court provided a detailed summary of the facts and procedural history of Appellant's case, from which we glean the following. ***See*** Trial Court Opinion (TCO), 4/1/24, at 1-9. In June of 2020, Appellant pled guilty to carrying a firearm without a license, persons not to possess a firearm, and possession of a controlled substance. That same day, Appellant was sentenced to an aggregate term of four years' probation and a $25 fine. Notably, after imposing this sentence, the court stated the following:

> THE COURT: Let me [tell] you something. If you get another gun charge, you're going to jail.

[Appellant]: Yes, ma'am.

THE COURT: I am telling you right now -- or any other charge for that matter -- but there is no reason for you to be possessing a gun, okay. So if you violate probation, you're coming back in front of me, and you're going to jail. I need you to understand that, okay? Because if you do it, and you come back in here, I'm not going to listen to any sob story, because you're getting a big break today. So you better continue to act the way your employer is saying you're acting,[1] because that is fabulous, and I hope you've turned over a new leaf. I hope I never see you again, and I hope that you will be a productive member of society, okay?

[Appellant]: Yes, ma'am.

THE COURT: But just remember[,] when you're tempted to commit a crime, if you do, you will be in front of me, and I'm sending you to jail, okay, sir?

[Appellant]: Yes, ma'am.

N.T., 6/22/20, at 10-11.

On December 5, 2023, Appellant's probation was revoked based on the fact that he had entered a guilty plea to two new firearm offenses in an unrelated case. At his resentencing hearing, the court reviewed and considered a presentence report (PSI). *See* N.T., 12/5/23, at 5. The court also listened to defense counsel explain that Appellant had been "misconduct-free" while incarcerated on his other case; he had taken "parenting classes" despite that he does not yet have children; he was "a worker on his pod"; and he had family and a girlfriend there "to support him." *Id.* at 4. When Appellant was asked if he wished to speak, he "declined to provide any further

---

[1] Appellant's employer testified that Appellant was an integral employee of the restaurant at which he worked, and that Appellant was "punctual, … hard working, friendly[,] and a good person with lofty goals for the future." N.T., 6/22/20, at 9.

detail, comment, or information to the [c]ourt." TCO at 6; ***see also*** N.T., 12/5/23, at 5.

Before imposing Appellant's sentence, the court stated the following:

THE COURT: Okay. I reviewed the [PSI]. You had a gun charge as a minor. You were put into placement. Then when you were released from placement, you were committed to [the Community Intensive Supervision Project] for aftercare, all of this designed to rehabilitate and help you.

After you were done with your juvenile cases, you came to adult court. You had two more gun convictions.

***

You are 23 years old. You have three gun convictions.

Also[,] reviewing your [PSI], you … pointed a gun at your uncle. And then those charges were dismissed at the magistrate. You had additional charges because you threatened to kill a girlfriend. Those charges were dismissed but a [Protection From Abuse order] was granted.

When I look at this, I see you are 23 years old. You are not being rehabilitated. You are 23 and you are on your third gun case. Plus, we have these acts of threatened violence on two other cases that you did beat at the magistrate.

So I don't see that you are on any course to reform yourself or rehabilitate yourself because you just keep doing the same behavior. And you are so young. You are so young. I don't understand why you need three gun convictions at your age to learn a lesson.

So it seems to me you are not learning a lesson, and you are not going to learn a lesson.

N.T., 12/5/23, at 5-6.

The court then sentenced Appellant to one to two years' incarceration, followed by two years' probation. ***Id.*** at 6. Appellant filed a timely post-sentence motion, which the court denied on December 19, 2023. Appellant

filed a timely notice of appeal on January 4, 2024. He and the court complied with Rule 1925. Herein, Appellant states one issue for our review:

> In revoking [probation] and re-sentencing [Appellant] to, *inter alia*, state prison, whether the trial court committed an abuse of discretion because it focused solely on the serious nature of [Appellant's] attributable crimes, in violation of 42 Pa.C.S.[] § 9721(b)?

Appellant's Brief at 5.

Initially, we recognize:

> "An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015).

***Commonwealth v. Starr***, 234 A.3d 755, 759 (Pa. Super. 2020).

Here, Appellant filed a timely post-sentence motion, alleging that his sentence is excessive and unreasonable because the court did not consider all the factors set forth in 42 Pa.C.S. § 9721(b) (directing that "the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the

community, and the rehabilitative needs of the defendant"). Namely, Appellant claimed that the court disregarded his rehabilitative needs and "the significant impact on the community by way of his family." **See** TCO at 8 (quoting Post-Sentence Motion, 12/15/23, at unnumbered 2 ¶ 5).

Appellant also filed a timely notice of appeal, and he has included a Rule 2119(f) statement in his appellate brief. **See** Appellant's Brief at 15-22. We conclude that Appellant's claim that the court focused solely on the seriousness of his offense and disregarded the other section 9721(b) factors constitutes a substantial question for our review. **See Commonwealth v. Reid**, 323 A.3d 26, 30 (Pa. Super. 2024) ("An averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors has been found to raise a substantial question.") (cleaned up). Thus, we proceed to the merit of Appellant's argument, mindful that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Id.** at 30-31 (citation omitted).

In this case, Appellant claims that the trial court based his sentence solely on the seriousness of his offense. Appellant argues that the court wholly ignored the fact that he had no misconducts during the 12 months he was incarcerated awaiting resentencing in this case, he completed classes and

- 5 -

worked while in prison, and he "had a loving aunt and girlfriend who were willing to help and support him upon his release."  Appellant's Brief at 24.  Appellant insists that, "[d]espite [his] uncontested evidence of mitigation and rehabilitation, the trial court did exactly what it promised [Appellant] it would do if he violated his probation with a new conviction — it revoked and re-sentenced him to state prison."  *Id.* at 25.  According to Appellant, the court's fulfilling its promise of imposing a term of incarceration on Appellant amounted to the same type of "blanket policy with respect to sentencing matters" that this Court condemned in ***Commonwealth v. Mola***, 838 A.2d 791 (Pa. Super. 2003), and ***In re R.W.***, 855 A.2d 107 (Pa. Super. 2004).  *Id.* at 26.  He stresses that, because "the trial court intended to sentence [him] to prison based ***solely*** on any new conviction, particularly if it related to firearms, and regardless of whatever evidence of mitigation and rehabilitation was presented[,]" the court abused its discretion under the rationale of those decisions.  Appellant's Brief at 29-30 (emphasis in original).

We disagree.  In ***Mola***, the trial court had a policy of "[i]mposing a standardized sentence on all drug offenders" to "help to serve as a deterrent to those who would consider dealing drugs in Reading and Berks County."  ***Mola***, 838 A.2d at 793 (citations omitted).  We concluded that this blanket policy was an abuse of the court's discretion, as it violated our state's long-endorsed "policy of indeterminate, individualized sentencing."  *Id.*  We reasoned that, "[i]n effect, the trial court chose the … sentence based on seriousness of the crime alone, which is impermissible[,]" as the "court must

consider each crime and each defendant in light of the total circumstances and fashion an appropriate sentence." *Id.* (citations omitted).

In *R.W.*, this Court applied the rationale of *Mola* in holding that the juvenile court committed a manifest abuse of discretion by "routinely refusing to accept guilty pleas from and discharging defendants charged with possession of a small amount of marijuana…." *In re R.W.*, 855 A.2d at 111. We found that this practice constituted an abuse of the court's discretion, as the court took "a 'one-size-fits-all' approach to certain juvenile drug offenders" and "fail[ed] to consider the individual circumstances of the defendant as required." *Id.*

Instantly, we conclude that *Mola* and *R.W.* are distinguishable from the facts at hand. At Appellant's original sentencing, the trial court warned him that if he committed new offenses, especially a new firearm-related crime, he would be incarcerated. This was not expressing a 'blanket policy' regarding *all defendants*, as in *Mola* and *R.W.* Instead, it was a warning for *Appellant alone*, given his record and the fact that the court was giving him "a big break" of a probationary sentence. N.T., 6/22/20, at 10-11.

Moreover, when Appellant appeared before the court for resentencing, the court did not focus solely on the seriousness of his offenses, or impose a sentence of incarceration without taking into account the other required factors of 42 Pa.C.S. § 9721(b). As set forth *supra*, the court considered a PSI; thus, we "presume[] that the court [was] aware of all appropriate sentencing factors and considerations…." *Commonwealth v. Bullock*, 170

A.3d 1109, 1126 (Pa. Super. 2017) (citation omitted). Additionally, the court heard mitigating information about Appellant's good conduct and hard work while incarcerated, and his support system of family and friends.

The court also clearly considered Appellant's rehabilitative needs. It stressed that Appellant had been provided opportunities as a juvenile to rehabilitate himself, yet he had committed new gun offenses. When the court provided him another chance by sentencing him to probation for those new gun charges, Appellant again failed to rehabilitate himself and committed more gun crimes. Thus, as the court stressed at the resentencing hearing, Appellant had **multiple gun convictions** at the young age of 23, as well as other allegations of violent conduct involving firearms that had been dismissed.

Taking all this information into account, the court determined that a sentence of incarceration was warranted. It explained in its Rule 1925(a) opinion:

> Given the nature of [Appellant's] behavior (both in this case and in his other firearms convictions), a sentence of incarceration was and is necessary to ensure the protection of the public, to recognize the gravity of [Appellant's] conduct, and to guarantee that [Appellant] is rehabilitated. [Appellant's] actions demonstrated that he was a danger to society and likely to re-offend. The [c]ourt thus fashioned the sentence in the manner that it did, which was reasonably tailored, among other things, to protect the public and ensure that [Appellant] is rehabilitated. The sentence here is not manifestly excessive.

TCO at 12.

Considering the record before us, we discern no abuse of discretion in the trial court's sentencing discretion. The court had the benefit of a PSI report, took into account the requisite statutory factors, and imposed an individualized and reasonable sentence given the circumstances before it. Accordingly, Appellant's case is distinguishable from **Mola** and **R.W.**, and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/27/2025