J-S20044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ZACHARY EVAN SMITH | : | |
| | : | |
| Appellant | : | No. 17 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 19, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000402-2016

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED APRIL 29, 2019**

Appellant, Zachary Evan Smith, appeals *nunc pro tunc* from the judgment of sentence entered in the Jefferson County Court of Common Pleas, following his jury trial convictions for possession with intent to deliver ("PWID") and possession of a controlled substance, and his bench trial convictions for disregarding traffic lanes and speeding.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 17, 2016, Appellant crashed his vehicle on Interstate 80.  Emergency responders noticed footprints in the snow from the car to the woods and told police this information when they arrived.  Police followed the footprints and found a backpack that contained cocaine sitting behind a tree.  Police

_____

[1] 35 P.S. §§ 780-113(a)(30), (a)(16); 75 Pa.C.S.A. §§ 3309(1), 3361, respectively.

connected Appellant to the backpack. The Commonwealth charged Appellant with PWID and other offenses related to the incident. On November 9, 2016, Appellant filed a motion to suppress the backpack. The court denied the suppression motion on February 2, 2017. On June 20, 2017, a jury convicted Appellant of PWID and possession of a controlled substance; and the court convicted Appellant of the traffic offenses. The court sentenced Appellant with the benefit of a Presentence Investigation ("PSI") Report on July 19, 2017, to an aggregate term of 54 months' to 10 years' imprisonment. Appellant timely filed a post-sentence motion on Monday, July 31, 2017. The court denied the post-sentence motion on August 8, 2017.

On October 20, 2017, Appellant timely filed *pro se* a petition pursuant to the Post-Conviction Relief Act ("PCRA"),[2] which requested reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court appointed counsel on November 1, 2017, and held a hearing on May 29, 2018. On September 6, 2018, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed a direct appeal *nunc pro tunc* on September 19, 2018. On September 21, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on September 24, 2018.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

ENTERING ITS JULY 19, 2017 SENTENCING ORDER IN THE WITHIN CASE?

(Appellant's Brief at 3).

Appellant argues the court imposed a blanket sentence based on his convictions and did not consider the particular facts and circumstances of his case. Appellant submits the court's lack of meaningful consideration of Appellant's situation resulted in an unreasonable sentence. As presented, Appellant challenges the discretionary aspects of his sentence. *See* ***Commonwealth v. Mola***, 838 A.2d 791 (Pa.Super. 2003) (stating claim that court imposed blanket sentence challenges discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors implicates discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Sierra, supra*** at 912-13. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. ***Mouzon, supra*** at 435, 812 A.2d at 627. Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno***, supra at 545 (internal quotation marks omitted). A claim that the court imposed a blanket sentencing policy does raise a substantial question of whether the sentence violates the Sentencing Code. ***Mola, supra*** at 793.

Instantly, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion and Rule 2119(f) statement. ***See Evans, supra***. Appellant's Rule 2119(f) statement articulated his claim regarding the court's alleged use of a blanket policy for drug dealers, which arguably raises a substantial question for our review. ***See Mola, supra***.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721(b).  "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.*  The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character.  *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).  "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Here, the trial court had the benefit of a PSI report at sentencing and stated its reasons for Appellant's sentence on the record.  Therefore, we can presume the court considered the relevant facts when sentencing Appellant. *See Commonwealth v. Tirado*, 870 A.2d 362 (Pa.Super. 2005) (stating

where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors).

The trial court addressed Appellant's discretionary aspects of sentencing claim as follows:

> Here it is unnecessary to make a presumption based on the existence of a [PSI], because the record clearly reflects that the [c]ourt did in fact consider [Appellant] as an individual, not merely as a statistic to be included in a "blanket sentencing policy" regarding a specified class of drug offenders.
>
> In possession of [Appellant's PSI] report and having presided at his omnibus hearing and trial, the [c]ourt was well aware of his personal circumstances and acknowledged a variety of his characteristics and behaviors as inherently positive. [The court] was not sentencing [Appellant] in a vacuum, though; it was sentencing him for committing a crime that, in light of those circumstances and characteristics, could only be explained as a crime motivated by greed. In that regard, [the court] was acutely aware that [Appellant] did not fit the typical drug-dealer mold—that he was not an addict trying to feed his addiction or a young man with an unfortunate upbringing and limited opportunities who viewed the drug trade as his best chance for success. And it was [Appellant's] individual circumstances; it was the fact that he was a "good kid" without a reasonable excuse for getting involved in the drug trade; it was the deliberative nature of a young man not driven by addiction facilitating the sale of a substantial quantity of crack cocaine that informed the [c]ourt's sentencing decision. Speaking directly to [Appellant] before announcing the sentence, [the court] clearly stated as much.
>
> [Appellant] plainly does not agree that the circumstances warranted a 4½ year minimum. [Appellant] thinks his essentially untainted history entitled him to a lesser sentence and is effectively asking the Superior Court to

reassess the circumstances and weigh in his favor factors this [c]ourt already deemed to be aggravating. To that end, [Appellant] couches his request in appropriate legal terms, alleging that the [c]ourt imposed a "blanket sentencing policy" that overlooked him as an individual. The record says differently, though, as the record reflects an individualized sentence in which the [c]ourt took account of and conscientiously weighed the relevant sentencing factors. As such, [the record] reflects a sentence that was not unreasonable and should be affirmed as an appropriate exercise of the [c]ourt's sentencing discretion.

(Trial Court Opinion, filed September 25, 2018, at 1-2) (internal citations omitted). The record supports the trial court's rationale. *See Crump, supra*;

*Hyland, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2019