J-A05024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AVELINO RAMOS | : | |
| | : | |
| Appellant | : | No. 836 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 12, 2021,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0002611-2020.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AVELINO RAMOS | : | |
| | : | |
| Appellant | : | No. 837 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 12, 2021,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0002612-2020.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AVELINO RAMOS | : | |
| | : | |
| Appellant | : | No. 838 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 12, 2021,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0002614-2020.

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: MARCH 10, 2022**

Avelino Ramos appeals from the judgment of sentence of 2 to 10 years imprisonment imposed following his open guilty pleas to delivery of heroin, conspiracy to deliver heroin, and criminal use of a communication facility[1] at three separate dockets.  After review, we affirm.

On February 20, 2020, an undercover officer with the Lancaster City Bureau of Police Selective Enforcement Unit approached Ramos on a step and offered him $20 to buy heroin.  Ramos got in the officer's vehicle and directed the officer to drive to the McDonald's parking lot, where Ramos used his cell phone to call a dealer from whom he had bought heroin before.  Ramos directed the officer to drive to Country Garden Six Pack.  The officer gave Ramos money.  Ramos entered the store and returned with four stamp bags of heroin, which he gave to the officer.

On February 27, 2020, the undercover officer arranged for another heroin purchase by sending Ramos a text message.  The officer met with Ramos at McDonald's; Ramos got in the officer's vehicle and directed him to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903, and 18 Pa.C.S.A. § 7512(a), respectively.

various locations to find heroin. They parked at South Marshall Street and East Mifflin Street in Lancaster, where the officer gave Ramos money, and Ramos bought five stamp bags of heroin from a man on a bicycle. Ramos gave the heroin to the officer.

On February 28, 2020, the officer again arranged via text message for Ramos to buy heroin. Ramos met the officer at the McDonald's parking lot to use his cell phone to call drug dealers to purchase heroin. He had the officer drive to various locations and then pick up Carlos Flores at McDonald's. The officer gave Ramos money to buy heroin. Ramos had the officer drive to Green Street and Pershing Avenue. There, Ramon Roman-Marquez gave four stamp bags of heroin to Flores, who gave them to Ramos, who gave them to the officer.

In connection with each transaction, Ramos was charged with delivery of heroin, conspiracy to deliver heroin, and criminal use of a communication facility. He entered open guilty pleas to all counts on March 22, 2021. The sentencing court ordered a pre-sentence investigation report (PSI). On May 12, 2021, the sentencing court sentenced Ramos to an aggregate term of 2 to 10 years of incarceration, with the sentences for all counts and all dockets to run concurrently to each other. Ramos filed a post-sentence motion on May 18, 2021, which the sentencing court denied on May 19, 2021.

Ramos filed timely appeals at each docket, which this Court consolidated upon Ramos' request. The sentencing court and Ramos complied with Pennsylvania Rule of Appellate Procedure 1925.

Ramos raises one issue on appeal:

I.   Were the minimum and maximum sentences of two to ten years' incarceration in a state correctional institution clearly unreasonable under the circumstances?

Ramos' Brief at 6.

Ramos claims his sentence was excessive because the sentencing court failed to consider mitigating factors.  As such, he challenges the discretionary aspects of his sentence.  ***See Commonwealth v. Watson***, 228 A.3d 928, 934–35 (Pa. Super. 2020).  An appellant is not entitled to appellate review as of right to challenge the discretionary aspects of sentencing. ***Commonwealth v. Weir***, 239 A.3d 25, 34 & nn.12–13 (Pa. 2020) (citing 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P. 2119(f)).  Rather, he must satisfy a four-part test to invoke this Court's jurisdiction to consider the merits:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's Brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Renninger***, 2022 PA Super 2, \*31 (filed Jan. 3, 2022) (en banc) (quoting ***Commonwealth v. Beatty***, 227 A.3d 1277, 1286–87 (Pa. Super. 2020)).

Ramos met the first three requirements by filing a timely notice of appeal, raising the issue in a post-sentence motion, and including a Rule

2119(f) statement in his brief. Therefore, we must consider whether Ramos has raised a substantial question. *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021) (citing *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007), and quoting *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018)).

In his question presented and his Rule 2119(f) statement, Ramos claims that his minimum and maximum terms of incarceration are unreasonable and so manifestly excessive as to constitute an abuse of discretion. Ramos' Brief at 12–14. He contends that the sentencing court did not consider mitigating personal circumstances or facts of the offenses. *Id.* The Commonwealth counters that Ramos has not raised a substantial question because the sentencing court had a PSI that included mitigating factors. Commonwealth's Brief at 5–6 (citing *Commonwealth v. Yanoff*, 690 A.2d 260 (Pa. Super. 1997), and *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

A claim that a penalty is excessive or disproportionate to the gravity of the offense can raise a substantial question. *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1075–76 (Pa. Super. 2019) (citing *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006)). Further, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)). We

conclude that Ramos has presented a substantial question.  Therefore, we will address the merits of his claim.

> Our standard of review regarding challenges to the discretionary aspects of sentencing is well-settled:
>
>> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.
>
> ***Commonwealth v. Gonzalez***, [] 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).
>
>> [A] sentencing court abuses its discretion when it considers the criminal act, but not the criminal himself. The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant, [] and prohibiting a sentence of total confinement without consideration of "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant[.]" 42 Pa.C.S.[A.] § 9725.
>
> ***Commonwealth v. Luketic***, [] 162 A.3d 1149, 1160-61 (Pa. Super. 2017) (some internal citations and quotation marks omitted). The rationale behind such broad discretion and our deferential standard of appellate review is that "the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Moury***, [] 992 A.2d 162, 169-70 (Pa. Super. 2010).

***Commonwealth v. Moye***, 2021 PA Super 225, *18–19, ___ A.3d ___ (filed

Nov. 19, 2021).  The Judicial Code only allows an appellate court to vacate a

sentence imposed within the guidelines "where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *accord Commonwealth v. Aulisio*, 253 A.3d 338, 344–45 (Pa. Super. 2021). Upon review, we find no abuse of discretion.

Based on Ramos' Prior Record Score (PRS) of 5, the standard range for the minimum sentences at each of the drug offenses was 21 to 27 months. The statutory maximum penalty was 15 years. 35 P.S. § 780-113(f)(1); *accord Commonwealth v. Mola*, 838 A.2d 791, 792–93 (Pa. Super. 2003). The sentencing court imposed a sentence in the middle of the standard range and ordered all sentences to run concurrently. Ramos does not allege that the sentencing court applied the guidelines erroneously. Therefore, we will affirm the sentence imposed unless "the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

Ramos argues that even though his sentence was within the standard range of the guidelines, it was clearly unreasonable and excessive based on the circumstances of the offenses and of Ramos himself. Ramos emphasizes in mitigation that he was not dealing drugs when the Selective Enforcement Unit offered him $20 to buy heroin, which he accepted out of desperation. Ramos' Brief at 18. After Ramos committed the offenses, he obtained housing, employment, and treatment for alcoholism. *Id.* His PRS of 5 was based on felony convictions from before 1998; he had three misdemeanor convictions from 1998 to 2006 and no other convictions before committing the offenses in these cases. *Id.* at 19. His maximum sentence of 10 years

will render him under supervision until he is 63. ***Id.*** (citing ***Commonwealth v. Coulverson***, 34 A.3d 135, 148 (Pa. Super. 2011)). Additionally, Ramos submits that a sentence of county incarceration with work release eligibility would be appropriate and meet the requirements of 42 Pa.C.S.A. § 9721.

The sentencing court opinion provides that it considered all appropriate factors, including the PSI, sentencing guidelines, and the mitigating factors that Ramos provided. As evidence that it considered mitigation, the sentencing court indicates that it imposed a sentence within the guidelines and ordered all of Ramos' sentences to run concurrently. The sentencing court notes that Ramos' guilty plea and admission to the allegations in the affidavits shows his criminal culpability.

Likewise, the Commonwealth argues that Ramos' sentence within the guidelines was not clearly unreasonable based on the sentencing court's imposing minimum terms lower than the top of the standard range and ordering all sentences to run concurrently. Commonwealth's Brief at 6–7.

Upon thorough review of the record, we observe that the sentencing court ordered a PSI, which both parties had the opportunity to review. N.T. Guilty Plea, 3/22/21, at 5; N.T. Sentencing, 5/12/21, at 2. "Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (quoting ***Devers, supra***, 546 A.2d at 18). At sentencing, the Commonwealth

requested a minimum term at the top of the standard range. N.T. Sentencing, 5/12/21, at 2–3. Ramos and his attorney presented the mitigating factors that Ramos now presents before this Court. *Id.* at 3–10. Despite the age of Ramos' prior convictions, there is no provision for offenses committed as an adult to lapse. *See* 204 Pa. Code § 303.5. We note that unlike in *Coulverson*, *supra*, there is no indication that the sentencing judge believed that he was required to impose the statutory maximum sentence. Rather, the record reflects that the sentencing court imposed thoughtful, individualized minimum and maximum terms after considering all relevant factors. As such, we do not find that Ramos' sentence was an abuse of discretion or that the sentence within the guidelines was clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2). Therefore, we affirm the sentence imposed by the sentencing court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2022